Citation Nr: 1546215 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 13-11 595 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. D. Bruce, Associate Counsel

INTRODUCTION

The Veteran served on active duty from January 1953 to December 1956.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision from the Department of Veterans Affairs (VA) Regional Office in Columbia, South Carolina. This matter was remanded by the Board in May 2015.

In April 2015, the Veteran testified at a Board videoconference hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

The evidence is at least in relative equipoise as to whether the Veteran's hypertension is aggravated by his service-connected PTSD.


CONCLUSION OF LAW

The criteria for service connection for hypertension have been met. 38 U.S.C.A. 
§§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310(a) (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

In this decision, the Board grants entitlement to service connection for hypertension, which constitutes a complete grant of the Veteran's claim. Therefore, no discussion of VA's duty to notify or assist is necessary.

The Veteran asserts that he has hypertension which is proximately due to or aggravated by his service-connected PTSD. Given the favorable nature of the Board's decision on a secondary basis, the Board will not address the theory of direct service connection with regard to hypertension. 

Service connection may be established on a secondary basis for a disability that is shown to be proximately due to, the result of, or aggravated by a service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439 (1995) (en banc) (additional disability resulting from aggravation of a nonservice-connected disorder by a service-connected disorder is also compensable under 38 C.F.R. § 3.310).

With respect to whether a current disability exists, the record reflects a diagnosis of hypertension during the pendency of the appeal. As such, the Board finds that there is evidence of a current disability for the purposes of secondary service connection.

With respect to whether the Veteran's hypertension was caused or aggravated by a service-connected disability, there is conflicting evidence. Upon review, the Board finds that the VA opinions, obtained in March 2013, June 2013, and August 2015, should be afforded little probative weight. The March 2013 VA examiner opined that the Veteran's hypertension was less likely than not proximately due to or the result of the Veteran's service-connected condition, as the diagnosis of hypertension predated the diagnosis of PTSD by approximately a year. In a June 2013 addendum opinion, the examiner added that PTSD does not cause or aggravate hypertension. However, the examiner indicated that PTSD can cause sporadic increases in blood pressure during flashbacks. The examiner opined that these increases would not be sustained long enough to cause any essential or secondary hypertension, but did not comment on whether they could aggravate existing hypertension. In an August 2015 addendum, another VA examiner reported that while multiple medical studies had shown that PTSD patients had increased resting heart rates, increased startle reactions, and increased blood pressure in response to trauma, it was not possible to generalize whether PTSD could cause hypertension. As a result, the August 2015 examiner opined that the Veteran's current hypertension was less likely than not related to his PTSD. The Board finds that these opinions are speculative and inconsistent in nature and do not provide sufficient rationales for the opinions stated, particularly with respect to whether or not the Veteran's hypertension is aggravated by his service-connected PTSD. Both the June 2013 and August 2015 acknowledge that PTSD causes physical effects, including increases in blood pressure, but do not provide sufficient rationale for the conclusion that these physical effects do not amount to aggravation. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from whether it is factually accurate, fully articulated, and has sound reasoning for the conclusion).

However, during his April 2015 hearing, the Veteran testified that he had been told by his private physician, Dr. R. Bannon, that his hypertension was related to his service-connected PTSD. While treatment records from Dr. Bannon do not reflect an opinion linking the Veteran's the two conditions, they do reflect that Dr. Bannon considered the Veteran's PTSD in treating his hypertension. Additionally, both the June 2013 and August 2015 VA opinions acknowledge that PTSD does lead to episodes of elevated blood pressure.

The Veteran is competent to report what his doctor told him about his hypertension. See Jandreau v. Nicholson, 492 F.3d. 1372 (Fed. Cir. 2007). The Board finds his testimony credible. Therefore, the Board finds the evidence is at least in relative equipoise regarding whether the Veteran's hypertension is aggravated by his service-connected PTSD. Accordingly, resolving the benefit of the doubt in the Veteran's favor, the Board finds the Veteran's hypertension is aggravated by his service-connected PTSD. Therefore, service connection for hypertension is warranted. Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).






ORDER

Entitlement to service connection for hypertension is granted.



____________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs